UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Renee Fazica,

    Plaintiff,

v.                                                        Case No. 16-13563

Oakland County Sheriff's Deputy       Sean F. Cox
Zachary Jordan, *et al.*,                 United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER ON
## PLAINTIFF'S MOTIONS IN LIMINE

Following her arrest for drunk driving in October of 2014, Plaintiff filed this lawsuit against several Oakland County Sheriff's Deputies, asserting § 1983 excessive force claims against them. Plaintiff also asserts state-law claims of gross negligence, assault and battery, and intentional infliction of emotional distress. The case is scheduled to proceed to a jury trial in January of 2020. The case is currently before the Court on two motions in limine filed by Plaintiff, wherein she asks the Court to preclude evidence of, or references to, a number of things. The motions were briefed by the parties and were heard by the Court on December 16, 2019. This Opinion and Order sets forth the Court's various rulings on Plaintiff's motions.

## BACKGROUND

This action stems from Plaintiff's October 16, 2014 arrest for drunk driving. On that date, Plaintiff was arrested by Bloomfield Township police officers and transported to the Township's local jail. Later that night, however, Plaintiff was transported to the Oakland County Jail. This case involves alleged wrongful conduct by Oakland County Sheriff's deputies

1

that occurred after Plaintiff arrived at the Oakland County Jail.

**A.      Procedural History**

On November 2, 2015, Plaintiff filed suit against Bloomfield Township, Bloomfield Township Police Officers April Switala, AJ Sparks, and Pernie, along with Oakland County and several Oakland County Sheriff's Department deputies. Plaintiff's complaint alleged that all of those officers used excessive force with her during the course of her arrest and subsequent incarceration on October 16, 2014. That case, Civil Action Number 15-13858, was assigned to this Court. Following a motion to dismiss that challenged the sufficiency of the factual allegations in the complaint, the claims against the Oakland County Defendants were dismissed without prejudice. Later, the claims against Bloomfield Township and its officers were dismissed with prejudice.

Acting through the same law firm, Plaintiff filed a second suit, this case, on October 5, 2016. That case was reassigned as a companion case to Plaintiff's 2015 case. Plaintiff's Amended Complaint (ECF No. 7) is the operative complaint in this case.

At this juncture, following the Court's summary judgment rulings and after remand by the Sixth Circuit following an appeal of this Court's denial of qualified immunity, four Defendants remain in the case. The remaining Defendants, who are all Oakland County Sheriff's Deputies, are: 1) Zachary Jordan; 2) Josh Tucker; 3) Deputy[1] Cordova; and 4) Mark Fletcher. Plaintiff asserts the following claims, that are asserted against all remaining Defendants: 1) an excessive force claim under 42 U.S.C. § 1983; and 2) state-law claims of gross

---

[1] He is identified in the Amended Complaint only as Deputy Cordova (ie., his first name is not included).

negligence, assault and battery, and intentional infliction of emotional distress. (*See* Joint Final Pretrial Order, ECF No. 42, at PageID.683).

Plaintiff claims that Defendants used excessive force after she arrived at the Oakland County Jail, while she was being taken to a cell there, and while inside the cell. This matter is scheduled to proceed to a jury trial in January of 2020.

Defendants did not file any motions in limine and the time permitted for filing such motions has passed.

Plaintiff filed two motions in limine (ECF Nos. 48 & 49), wherein Plaintiff asks the Court to preclude Defendants from admitting, or referencing, various materials during trial. Those materials include police reports, photographs, and audio and video recordings. Notably, however, Plaintiff's counsel did not provide the Court with a copy of any of those materials and the Court obviously needs to review those materials before it could make any pretrial rulings on them. As such, the Court issued an Order (ECF No. 53), wherein it ordered that "no later than December 2, 2019 at 9:00 a.m., Plaintiff shall file all of the evidentiary materials that are the subject of her motions in limine as exhibits to her motions."

Thereafter, Plaintiff's Counsel filed a "Supplement To Motions In Limine For The Purpose Of Identifying And/Or Filing Exhibits." (ECF No. 58). That submission states:

1. The video that is subject to Plaintiff's motions and is requested to be prohibited is the Bloomfield Hills [sic] Police Department in car videos from beginning until the car is in the Oakland County garage, which is attached to Defendants' Response to Plaintiff's motion as Exhibit D. ECF No. 56, Pg ID # 1010 & 1011. Plaintiff hereby adopts and incorporates by reference herein this exhibit pursuant to the Federal Rules of Civil Procedure, Rule 10(C).

2. The reports that Plaintiff seeks to preclude from evidence are the following:

3

> Exh. A- Bloomfield Township Case Report.
> Exh. B-Alcohol and Drug Determination Form.[2]
> Exh. C-Officer's Report of Refusal to Submit to Chemical Test. O.W.I.
> Exh. D-Reimbursement Statement.
> Exh. E-Affidavit for Search Warrant and Warrant.
> Exh. F-Judgment of Sentence.
>
> Plaintiff is also seeking to preclude any and all reports which may not be in Plaintiff's possession involving same.

(*Id*.).

## B. Relevant Factual Background

This action stems from Plaintiff's October 16, 2014 arrest for drunk driving. On that date, Plaintiff was driving a car, with her twelve-year-old son and dog in it, when she was pulled over by officers from the Bloomfield Township Police Department on suspicion of drunk driving. That occurred at approximately 4:00 p.m.

There is an audio and video recording of the traffic stop and Plaintiff's interactions with the officers at the scene. Plaintiff is given, and fails, various field sobriety tests. Plaintiff denies that she's been drinking, but then states that she drank "like 15 hours ago." Plaintiff refuses to take a preliminary breath test and states, "I'm already on probation."

As the officers place Plaintiff under arrest and attempt to arrest her, Plaintiff says "let me go, let me go." The officers place Plaintiff's body face downward on the police car, in order to conduct a pat-down search of Plaintiff, and Plaintiff's face appears to make contact with the police car as that occurs. Plaintiff is crying, screaming and yelling.

After Plaintiff is handcuffed, she says that the officers are hurting her. Plaintiff expresses

---

[2]This appears to be a form used when officers have obtained a search warrant for a blood or urine test, and it documents who took the sample and when. But the results are not set forth on this one-page document.

4

that she's concerned about her son and dog in the car and yells at the officers. The video contains references to Plaintiff's minor son. After Plaintiff is told that she's under arrest, Plaintiff says "I'm gonna sue the fuck out of you," "you piece of shit."

Plaintiff is arrested and transported to the jail at the Bloomfield Township Police Department. There is an audio and video recording of Plaintiff's transport to the Bloomfield Township Police Department. While in the back of the police car, Plaintiff complains that the handcuffs are too tight and are bruising her. Plaintiff is moving around while in the back seat. She has no shoes on. She is crying, screaming, and swearing at the officer, who is telling her that he son will be fine and that he is with other police officers.

By the time they pull into the sally port at the Bloomfield Township jail, Plaintiff has calmed down. Plaintiff walks in with the officers and is no longer seen on the video but there is some additional audio. Plaintiff is apparently booked. The female officer is heard telling another officer that Plaintiff is now acting much better than she was before. Afterwards, the female officer walks back into the sally port with a male officer and they discuss Plaintiff, stating among other things that Plaintiff is a "big wreck" and note how bad the back of police car (where Plaintiff had been sitting) smells.

After Plaintiff's arrest, the arresting officer submitted an Affidavit for Search Warrant, in order to have a blood sample taken, because Plaintiff had refused a preliminary breath test. (Ex. E to Pl.'s Supp.). A blood sample was taken and Plaintiff was placed in a jail cell at the Bloomfield Township Jail.

Later that same night, Plaintiff taken to the Oakland County Jail by the Bloomfield Township Police Department. An Oakland County Sheriff's Department Case Report states that

5

Oakland County's "Booking received a call that Bloomfield Township was bringing in a new arrest, Inmate Fazica, Renee #399387, and that she is intoxicated, yelling and spitting." (ECF No. 56-03).

There is an audio and video recording of Plaintiff's transport to the Oakland County Jail. Plaintiff is angry, yelling, and swearing. Plaintiff admits that she had been beating on the windows while at the Bloomfield Township Jail. Plaintiff also states that she threw up "like four times" while in the jail cell. "Plaintiff is questioning why she is being taken to Oakland County and asks if there were video cameras at the Bloomfield Township jail. When the officer responds affirmatively, Plaintiff says "kick-ass, because I'm gonna sue the fuck out of you people. You bruised me so bad it's unreal" and states that her handcuffs are too tight. Plaintiff references suing the officers several times and says the officers will pay for this. Plaintiff says "You bruised my arms to death." She notes that she has no shoes on and asks, "if I step on glass, is that on you guys?" She calls the officers "pieces of shit," and says they are the worst cops ever. Plaintiff again says she is going to sue the hell out of the officers and adds, "I don't even want any money, I just want to sue you." Plaintiff says the officers have "already fucked up my arms," and, while visibly moving around in the back seat, says there are indentations in my arms although "I'm not even moving."

When the car pulls into the sally port at the Oakland County Jail, Plaintiff says "I swear to god, they better not touch me, you already frisked me once." The Bloomfield Township officer urges Plaintiff to be nice to the officers at Oakland County and Plaintiff says "fuck you." While the Bloomfield Township officer is talking to the Oakland County deputies (who are off camera), Plaintiff yells "You fucking touch me and, you're done, I'm suing." You can then see an officer

6

physically remove Plaintiff from the car and then Plaintiff is heard screaming and yelling but no longer is visible. There is only audio from this point on in this video. Plaintiff is heard screaming, and an officer is heard saying, "you're doing fine, follow the sound of my voice" and telling her "do not resist or you will be tasered."

After her arrest, Plaintiff faced criminal charges in Oakland County Circuit Court. (*See* Ex. C to Defs.' Br.). Plaintiff pleaded guilty to a violation of Mich. Comp. Laws § 257.625(7)(A)(2), a felony offense for operating a motor vehicle while intoxicated, with an occupant under 16 years old, after having already had a prior conviction for operating a motor vehicle while intoxicated. (*Id*.). During her deposition, Plaintiff did not dispute that her blood alcohol level on the date the incident was .32. (*See* Fazica Dep. at 29). Plaintiff's sentence included 180 days in jail, being put on probation for three years, participation in mental health and substance abuse treatment, and "adult treatment court post jail sentence." (Ex. C to Defs.' Br.).

## ANALYSIS

Plaintiff filed two motions in limine (ECF Nos. 48 & 49) wherein she asks the Court to preclude Defendants from introducing certain evidence, or referencing it, at trial.

**I.    Motions In Limine Generally**

A motion in limine is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered. *Louzon v. Ford,* 718 F.3d 556, 560 (6th Cir. 2013). Trials, however, are dynamic, and a district court should grant a motion in limine "only when that evidence is clearly inadmissible on all potential grounds." *Palmer v. Allen*, 2017 WL 218077 at *1 (E.D. Mich. Jan. 19, 2017) (quoting *Ind. Ins. Co. v. GE*,

326 F. Supp.2d, 844, 846 (N.D. Ohio 2004)). In cases where that high standard is not met, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in a proper context." *Id.*

## II.     Federal Rules Of Evidence Cited By Plaintiff In Her Motions In Limine

In her two motions, Plaintiff cites the following Federal Rules of Evidence: 401, 402, 403, 404, 801, 802, and 803.

Evidence is relevant if: 1) "it has any tendency to make a fact more or less probable than it would be without the evidence; and 2) "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible "unless any of the following provides otherwise:" 1) the United States Constitution; 2) a federal statute; 3) the Federal Rules of Evidence; or 4) other rules prescribed by the Supreme Court. Fed. R. Evid. 402.

Under Fed. R. Evid. 403, the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." A district court's Rule 403 balancing is an evidentiary ruling that is reviewed for abuse of discretion. *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993). "Unfair prejudice" does not mean the damage to a party's case "that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." *Id.*

"Rule 404(b) bars the admission of 'propensity evidence,' defined as '[e]vidence of a crime, wrong, or other act ... To prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Flagg v. City of Detroit,* 715 F.3d 165, 175 (6th Cir.2013) (quoting Fed.R.Evid. 404(b)(1)). "However, it permits the admission of

prior 'bad acts' for other purposes, 'such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.' " *Id.* (quoting Fed. R. Evid. 404(b)(2)).

"The Rule 404(b) inquiry consists of three parts. First, the trial court must make a preliminary determination as to whether sufficient evidence exists that the prior act occurred. Second, the district court must make a determination as whether the 'other act' is admissible for a proper purpose under Rule 404(b). Third, the district court must determine whether the 'other acts' evidence is more prejudicial than probative under Rule 403." *United States v. Mack,* 258 F.3d 548, 554 (6th Cir. 2001); *see also Flagg,* 715 F.3d at 176.

Hearsay means a statement that: 1) "the declarant does not make while testifying at the current trial or hearing;" and 2) "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 802. An opposing party's statement is not considered hearsay under certain circumstances. Fed. R. Evid. 801(d)(2). Federal Rule of Evidence 803 provides for various exceptions to the rule against hearsay.

## III. Requests Made In Plaintiff's Motions In Limine

In her two Motions in Limine, Plaintiff asks this Court to make pretrial rulings excluding evidence from being introduced, or referenced, at the upcoming trial.

### A. Video/Audio Recordings Of Plaintiff's Arrest And Jail Transports

Plaintiff asserts that "evidence of any interaction Plaintiff had with Bloomfield Township is not relevant or material to any issue in the case as Bloomfield Township Officers are not named

Defendants in this case." (Pl.'s Br. at 3). Plaintiff's motion also states that during her transport to the Oakland County Jail she "makes some unkind statements," and seeks to preclude them under Fed. R. Evid. 403. (Pl.'s Br. at 3).

The recordings are clearly relevant as to liability for the physical injuries that Plaintiff alleges she incurred on the date of the incident.

During her deposition in this case, Plaintiff testified that her claimed physical injuries include a contusion to her face and bruising all over her wrists due to her handcuffs being too tight. (Fazica Dep. at 52-53). Notably, Plaintiff testified that her handcuffs were not tight while she was in the custody of the Bloomfield Township officers (who are not Defendants in this case) and testified that she did not complain about handcuffs to the Bloomfield Township officers:

> Q. Were your cuffs tight when you were in the custody of Bloomfield Township?
> A. No.
> Q. Do you remember complaining to somebody at Bloomfield Township that your cuffs were too tight?
> A. No.
> Q. You don't deny? I mean did you complain that your cuffs were too tight to Bloomfield Township?
> A. No.

(Fazica Dep. at 53).

Defendants argue that the video/audio recordings of Plaintiff's arrest and both jail transports are relevant because they show that Defendants did not cause Plaintiff's claimed injuries.

First, the recordings show that Plaintiff's face may have made contact with the police car when the Bloomfield Township officers performed a pat down search of Plaintiff. Thus, Defendants want to use the recordings to show that any injury to Plaintiff's face could have

10

occurred during her interactions with the Bloomfield Township officers – not them.

The same is true for Plaintiff's claimed injuries to her wrists from allegedly tight handcuffs. The recordings show that the Bloomfield Township officers applied the handcuffs to Plaintiff. In the two recordings, Plaintiff is heard complaining that the handcuffs are too tight and heard complaining about injuries from the handcuffs – all while Plaintiff was in custody of the Bloomfield Township officers – not Defendants. Thus, Defendants wish to use the recordings to show that any claimed injuries to Plaintiff's wrists were not caused by them. Defendants may also use the recordings to impeach Plaintiff's credibility or memory, should Plaintiff deny at trial that she complained about the handcuffs to the Bloomfield officers. Accordingly, the Court agrees with Defendants that the two recordings are relevant.

The Court declines to preclude the recordings as unfairly prejudicial under Fed. R. Evid. 403. "Unfair prejudice" does not mean the damage to a party's case "that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." *United States v. Bonds*, 12 F.3d at 567. The recordings do not suggest a decision on an improper basis. To the contrary, they go to liability and credibility.

Accordingly, the Court denies Plaintiff's request to preclude[3] the two recordings of her arrest and jail transports based on relevance and unfair prejudice.

B.      **Plaintiff's Actions During Arrest And Jail Transports**

Characterizing her conduct at the scene of her arrest and during the jail transports as "prior bad conduct," Plaintiff also seeks to preclude the recordings of those events as improper evidence

---

[3]As discussed at the December 16, 2019 hearing, however, the arrest recording should be edited so that it ends after Plaintiff leaves the car and enters the Bloomfield Township Police Department.

11

of "other crimes" under Fed. R. Evid. 404(b). (Pl.'s Br. at 4) (Arguing that "[s]ince Defendants wish to introduce Plaintiff's prior bad conduct, that is the conduct at the scene of the arrest, while being transported to Bloomfield Township Jail, while in the Bloomfield Township Jail and while being transported to the Oakland County Jail" the recordings are prohibited under Fed. R. Evid. 404.).

As was the case in *Greene*, the evidence which Plaintiff seeks to exclude "is not, strictly speaking, evidence of 'other crimes," and does not fit neatly into a Rule 404(b) analysis." *Greene, v. Distelhorts*, 116 F.3d 1480 (6th Cir. 1997). That is because Plaintiff's conduct during her arrest and during the jail transports, is not "other crimes" or "prior bad conduct" that is "unrelated in time and place." *Id*. Whether excessive force was used by officers on the date in question is determined by applying the standard of objective reasonableness to the specific conduct of the of the officers in the context of the facts and circumstances actually present in the particular case. *Id*. (citing *Graham v. Conner*, 490 U.S. 386, 388 (1989)). Plaintiff's level of intoxication, and her demeanor and state of mind as shown by her conduct on the night in question, are relevant for purposes of that determination. Thus, evidence of Plaintiff's conduct on the date in question while interacting with officers could not be excluded "without denying these defendants the right to present their defense." *Id*. That is especially so given that Plaintiff claims that she incurred injuries to her wrists from the handcuffs being too tight and video/audio recording reflect that she made complaints about the handcuffs being too tight, and having injured her, *before* the Defendant Officers encountered Plaintiff.

But even if a 404(b) analysis is appropriate, the Court concludes that it would not require exclusion of this evidence.

Evidence of Plaintiff's arrest, her conduct at the scene, and her conduct during the jail transports and while in the jail at Bloomfield Township, is admissible for, among other reasons, the purpose of placing the events preceding Plaintiff's interactions with Defendants in the proper context. *Greene, supra*; *see also Kidis v. Reid*, 2018 WL 5000026 (E.D. Mich. 2018); *Edgerson v. Matatall*, 2014 WL 172258 (E.D. Mich. 2014). That is, evidence of Plaintiff's conduct during and after the arrest, and during the jail transports, is admissible to provide the jury with an account of the sequence of events giving rise to Plaintiff's excessive force claim, as well as assessing the reasonableness of Defendants' use of force. Thus, there is a proper purpose for the evidence. As Defendants' note, to exclude the evidence of Plaintiff's conduct, would give the jury the false impression that Plaintiff was transferred from the Bloomfield Township Jail to the Oakland County Jail for no apparent reason, and that the Oakland County Defendants used a spithood and other measures with Plaintiff for no apparent reason.

In addition, there is sufficient evidence that the conduct occurred, as Plaintiff's statements and actions were captured on video and audio recordings. Finally, evidence of Plaintiff's conduct on the date of the incident would not be more prejudicial than probative.

Accordingly, even if a 404(b) analysis is appropriate, the Court declines to preclude the recordings of Plaintiff's conduct on the date of the incident.

**C.  Evidence Of Plaintiff's Blood Alcohol Content On Date Of Incident**

Plaintiff seeks to preclude evidence of, or references to, her blood alcohol content ("BAC") on the day of the incident. Plaintiff contends that evidence is not relevant, and would be unfairly prejudicial. She also argues that such evidence would be improper character evidence under Fed. R. Evid. 404. She further argues that this evidence should be excluded because

13

Defendants cannot establish a "chain of custody" as to her BAC test.

Plaintiff first asserts that evidence of her BAC is not relevant and, even if it was, it should be precluded under Fed. R. Evid. 403. The Court rejects those arguments.

Evidence related to Plaintiff's intoxication on the date of the incident, including her BAC, is clearly relevant. Among other things, evidence of Plaintiff's intoxication on the date of the events, "and specifically the level of h[er] intoxication as determined by h[er] blood alcohol level" "bears on the credibility of Plaintiff's recall of events that evening." *Alvarado v. Oakland County,* 809 F.Supp.2d 680, 684 (E.D. 2011); *see also Grimes v. Mazda North American Operations*, 355 F.3d 566, 573 (6th Cir. 2004) (affirming district court's admission of evidence of alcohol use on date of accident as it was "clearly relevant" and went to the credibility of the plaintiff's testimony describing the events.); *Natalie v. Barnett*, 1998 WL 175890 at *2 (E.D. Pa. 1998) ("Evidence of plaintiff's blood alcohol content was clearly relevant and highly probative for impeachment purposes and on the issue of whether the officer used excessive force during his arrest. Plaintiff's level of intoxication was directly relevant to his conduct and mental state during the time of his arrest. It was also highly probative of plaintiff's ability to accurately recall and testify to the events that took place during his arrest.").

Accordingly, *assuming that Defendants can establish a proper foundation for the evidence,* any evidence of Plaintiff's BAC on the date of the incident will not be precluded on relevance grounds.

The Court declines to preclude evidence of, or reference to, Plaintiff's BAC on the date in question as unfairly prejudicial under Fed. R. Evid. 403. "Unfair prejudice" does not mean the damage to a party's case "that results from the legitimate probative force of the evidence; rather it

14

refers to evidence which tends to suggest decision on an improper basis." *United States v. Bonds*, 12 F.3d at 567. Evidence of Plaintiff's intoxication on the date of the events, and specifically to the level of her intoxication, would not suggest a decision on an improper basis.

To the extent that Plaintiff is arguing that evidence of her BAC on the date of the events should be precluded under Fed. R. Evid. 404(b), that argument is also rejected. (*See* Pages 12-14 of this Opinion & Order).

Finally, citing a state-court *criminal case*, Plaintiff asserts that Defendants cannot establish a chain of custody for the BAC test. But this is not a criminal case wherein the defendant would challenge chain of custody. Rather, this is a civil case and the Plaintiff already pleaded guilty to the drunk driving charge. Moreover, based upon the proposed exhibits identified in the joint exhibit list submitted to the Court, and Defense Counsel's statements at the hearing, Defendants are not seeking to admit the actual BAC test results from Plaintiff's criminal case. Defense Counsel states that Defendants will seek to introduce testimony from one or more witnesses as to Plaintiff's BAC results. As such, this chain-of-custody argument does not aid Plaintiff.

### D. Plaintiff's Plea Or Conviction In Underlying Criminal Case

Plaintiff seeks to preclude evidence of, or references to, her guilty plea or her October 16, 2014 criminal conviction. She claims this evidence is not relevant and would be unduly prejudicial under Fed. R. Evid. 403

Defendants contend that Plaintiff's conviction is relevant for the same reasons why it was admitted in *Alvarado*. The Court agrees.

Evidence of Plaintiff's guilty plea or conviction would be relevant for the same reasons it

15

was in *Alvarado* (ie., evidence that Plaintiff was intoxicated on the night in question, which goes to reasonableness of force used and Plaintiff's credibility/ability to accurately recall the events that occurred). *See Alvarado*, 809 F.Supp.2d at 684 ("Evidence of Plaintiff's intoxication and blood alcohol level that evening, as well as Plaintiff's ultimate conviction for OUIL Third, confirm the level of Plaintiff's intoxication," and the "severity of the offense" which is one of the factors to be considering in evaluating an excessive force case.).

The Court further concludes that such evidence would not be unfairly prejudicial under Fed. R. Evid. 403. "Unfair prejudice" does not mean the damage to a party's case "that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." *United States v. Bonds*, 12 F.3d at 567. Evidence of Plaintiff's criminal conviction would not suggest a decision on an improper basis.

In another related request, Plaintiff seeks to preclude Defendants from introducing evidence to show, or from referencing, that Plaintiff's minor son was in the car with her when she was arrested for drunk driving.

While Defendants' response generally asserts that evidence of the details of Plaintiff's arrest and conviction should come in, they do not specifically address whether references to Plaintiff's minor son being in the car with her should be precluded.

Notably, however, it appears that Plaintiff's underlying criminal conviction in this case involved one conviction – a felony drunk driving offense because Plaintiff had a minor as a passenger after having been convicted of a prior drunk driving offense ("Operating-U/Infl-Occ less 16 2N"). As such, there was not a separate child endangerment offense that could be precluded. Moreover, the "severity of the crime" the person is charged with is one of the factors

16

to consider in the reasonableness-of-force inquiry. In addition, Plaintiff discusses her son during various portions of the audio/video recordings of the arrest and jail transports such that, as a practical matter, it would be very difficult to edit out all of those references while leaving intact the relevant and probative statements about handcuffs and claimed injuries.

Accordingly, the Court denies Plaintiff's request to preclude any evidence of, or reference to, Plaintiff's minor son having been in the car with her.

### E. Court Documents And Police Reports

Plaintiff identified[4] the following documents are the police reports or court documents that she is asking the Court to preclude: 1) Alcohol and Drug Determination Form; 2) Officer's Report of Refusal to Submit to Chemical Test; 3) Reimbursement Statement; 4) Affidavit for Search Warrant and Warrant; 5) Judgment of Sentence; and 6) Bloomfield Township Case Report.

As to the first four documents (Alcohol and Drug Determination Form, Officer's Report of Refusal to Submit to Chemical Test, Reimbursement Statement, and Affidavit for Search Warrant and Warrant), Defendants' response did not address Plaintiff's request to exclude them. At the December 16, 2019 hearing, Defense Counsel advised that Defendants do not intend to introduce any of those documents at trial. Accordingly, the request as to these four documents is not opposed and shall be granted.

Defendants do oppose Plaintiff's request to preclude any admission of, or references to, the Bloomfield Township Case Report and the Judgment of Sentence. (ECF No. 58-2 & 58-7).

---

[4]The Court notes that Plaintiff's supplemental filing stated that "Plaintiff is also seeking to preclude any and all reports which may not be in Plaintiff's possession involving same." To the extent that Plaintiff is asking this Court to preclude the admission of unidentified documents that have not been presented to the Court, that request is denied without prejudice.

17

Defense Counsel states that, depending on how the proofs play out during trial, Defendants may seek to use or admit the Bloomfield Township Case Report. For example, Defense Counsel stated they may seek to use that report to refresh the recollection of a witness. Plaintiff's Counsel conceded that such a use would not be improper. As such, the request to preclude the admission or reference to this report is denied without prejudice. If Defendants seek to use, reference, or admit this report, the Court can address any objections by Plaintiff during the course of trial.

Defense Counsel also states that Defendants may seek to admit or reference the Judgment of Sentence, that sets forth the criminal sentence that Plaintiff received for her conviction. At the hearing, however, Defense Counsel could not explain how this evidence would be relevant to the issues tried to the jury. Accordingly, the Court is inclined to agree with Plaintiff that the Judgment of Sentence is not relevant and that it could be unfairly prejudicial. That said, trials are dynamic and, if the Judgment of Sentence becomes relevant during the course of the trial, Defense Counsel may request to use, reference or admit the document, so long as that request is made outside of the presence of the jury.

### F. Plaintiff's Prior Arrests And Convictions

In her motions, Plaintiff seeks to preclude evidence of, and references to, her prior arrests and convictions (ie., any arrests and convictions that occurred prior to October 16, 2014, the date of the incident in this case).

Defendant's response briefs did not address this request. At the December 16, 2019 hearing, Defense Counsel advised the Court that Defendants do not intend to introduce evidence of, or reference, any prior arrests or convictions.

Accordingly, this request is not opposed and shall be granted.

### G. Plaintiff's Alcoholism Or Alcohol Abuse Generally

Plaintiff also seeks to preclude evidence relating to, in general, to "Plaintiff's Alcoholism/Etoh Abuse." (Pl.'s Br. at 16). Plaintiff seeks to preclude such evidence on relevance grounds and as unfairly prejudicial under Fed. R. Evid. 403.

Defendant's response briefs did not address this request. At the December 16, 2019 hearing, Defense Counsel advised the Court that Defendants do not intend on introducing such evidence at trial. Thus, this request is not opposed.

## CONCLUSION & ORDER

**IT IS ORDERED** that Plaintiff's motions in limine are **GRANTED IN PART AND DENIED IN PART** More specifically, as explained above:

1) The Court declines to preclude the two audio/video recordings of Plaintiff's arrest and jail transports based upon grounds of relevance, unfair prejudice, or under Fed. R. Evid. 404;

2) The Court declines to preclude evidence of Plaintiff's blood alcohol content based on relevance or unfair prejudice but Defendants must establish a proper foundation for such evidence if they seek its admission at trial;

3) The Court declines to preclude evidence of Plaintiff's plea or conviction in her underlying criminal case based on relevance or unfair prejudice;

4) The Court precludes Defendants from admitting in to evidence, or referencing, the following documents: the Alcohol and Drug Determination Form, the Officer's Report of Refusal to Submit to Chemical Test, the Reimbursement Statement, and the Affidavit for Search Warrant and Warrant;

5) The Court denies without prejudice Plaintiff's request to preclude the admission of the Bloomfield Township Case Report. If Defendants seek to use, reference, or admit this report at trial, the Court will address any objections during the course of trial;

6) The Court is inclined to agree with Plaintiff that the Judgment of Sentence is not

relevant and could be unfairly prejudicial. That said, trials are dynamic and, if the Judgment becomes relevant during the course of trial, Defense Counsel may request to use, reference, or admit the document, so long as that request is made outside of the presence of the jury;

7) The Court precludes evidence of, and references to, Plaintiff's prior arrests and convictions (ie., any arrests or convictions that occurred prior to October 16, 2014); and

8) The Court precludes evidence of, or references to, in general, Plaintiff's alcoholism/Etoh abuse.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 20, 2019